UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ADRIAN MATHEWS**

    **Plaintiff,**

vs.

**UNITED PARCEL SERVICE, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, Adrian Mathews ("Mathews" of "Plaintiff"), by and through his undersigned attorneys, hereby sues the Defendant, United Parcel Service, Inc. ("UPS" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This civil action arises under the Constitution, laws, or treaties of the United States, so this Court has jurisdiction in accordance with 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

3. Plaintiff was and is a resident of Polk County, Florida.

4. Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Polk County.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Mathews, a black male, began his employment with UPS as a driver in or around May 2014.

10. On or about March 6, 2020, Mathews had to come off the road due to a medical reason.

11. Mathews' physician placed him off work from March 6, 2020 through March 9, 2020, with a return to work date of March 10, 2020.

12. Mathews presented the physicians note to his employer when he returned on March 10, 2020. Nevertheless, on March 12, 2020, Plaintiff received a disciplinary write-up for missing those days from work.

13. On March 12, 2020, with UPS's knowledge, Mathews filed for FMLA leave through the Hartford, UPS's third-party provider.

14. The Hartford reached out to UPS and informed them that it was processing Mathews' FMLA request, and that those absences March 6, 2020 through March 9, 2020 should be protected under the FMLA.

15. Even so, UPS terminated Mathews on March 30, 2020, purportedly for excessive absences. UPS considered and counted the FMLA-protected absences that Mathews accrued March 6, 2020 through March 9, 2020 against him.

16. The FMLA days came back officially approved on April 2, 2020.

17. UPS also treated Mathews differently than similarly situated white employees. For example, Mathews knew of a white male driver who came off the road due to a family issue and was also on FMLA. Unlike Mathews that employee was not terminated or disciplined as a result of his absences.

18. Additionally, white drivers were assigned and given the option to choose preferable routes. For example, on one occasion Mathews was assigned to and on a route, when he received instructions to come off the route. That route was then given to a while male driver because the white male driver who did not want to run the route that he was assigned.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

19. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 18.

20. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

21. Defendant's actions constitute violations of the FMLA.

22. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorneys' fees and costs;

    e. Equitable relief;

    f. Any other relief permitted by law.

## COUNT II
## FAMILY MEDICAL LEAVE ACT - DISCRIMINATION/RETALIATION

23. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 18.

24. Defendant retaliated against Plaintiff for asserting his FMLA rights.

25. Defendant's actions constitute violations of the FMLA.

26. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorneys' fees and costs;

    e. Equitable relief;

    f. Any other relief permitted by law.

## COUNT III
## 42 U.S.C. § 1981 - DISCRIMINATION

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 18.

28. Plaintiff is a black male.

29. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff and created a hostile work environment on account of her race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

30. Defendant knew or should have known of the discrimination.

31. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including those for emotional pain and suffering;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief, including reinstatement;

    h.    Any other relief this Court deems just and equitable.

Dated this 8th day of May 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/
Scott L. Terry
Florida Bar No.: 77105
sterry@fgbolaw.com
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff